IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:21-cr-168-SI |
| v. | **ORDER** |
| **SCOT SUTHERLAND HAINES**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On January 10, 2023, Defendant Scot Sutherland Haines pleaded guilty to one count of possession with intent to distribute methamphetamine. On June 28, 2023, the Court sentenced Mr. Haines to a term of 71 months imprisonment, followed by three years of supervised release. Mr. Haines currently is serving his sentence at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan). The Bureau of Prisons (BOP) has scheduled Mr. Haines for release on April 15, 2026.

Pending before the Court is Mr. Haines' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF 98. In his motion, Mr. Haines states that he has exhausted his administrative remedies and seeks an order reducing his sentence to time served, with supervised release to be served through home confinement for the balance of his previously imposed term of imprisonment. In his motion, Mr. Haines, who is 58 years old, states that his elderly mother has died and that she was the caregiver to Mr. Haines' 18-year-old and 13-year-old sons. He adds

PAGE 1 – ORDER

that he also has a 15-year-old daughter who is on the verge of losing her caregiver due to financial constraints. Mr. Haines argues that he is no longer a danger to the community.

The Government does not dispute that Mr. Haines has exhausted his administrative remedies but opposes his motion on the merits. ECF 102. The Government argues that Mr. Haines fails to present extraordinary and compelling reasons warranting a reduction in his sentence but that, even if he had, a sentence reduction would "greatly upset the 18 U.S.C. § 3553(a) sentencing factors." *Id.* at 1. The Government explains:

> Defendant has a criminal history dating back over 30 years, including convictions for drug possession and identity theft. PSR ¶¶ 42–53. In early 2019, multiple law enforcement agencies began investigating a large, international drug trafficking organization (DTO) suspected to be importing methamphetamine, heroin, and cocaine from Mexico to the Portland, Oregon area. PSR ¶ 18. Through multiple federal wiretaps, investigators were able to intercept communications between defendant and the DTO, in which they discussed suspected drug trafficking and the sale and delivery of controlled substances. PSR ¶¶ 19–20.
>
> On September 20, 2019, defendant was intercepted on a wiretap discussing the delivery of 1.5 kilograms of methamphetamine; investigators surveilling the planned meeting location observed the defendant's vehicle a short time later, consistent with the vehicle described on the call. PSR ¶ 20. Investigators made contact with defendant and confirmed that the phone he was carrying matched the intercepted phone number where the drug transaction had been discussed. PSR ¶ 21. A search of his vehicle uncovered approximately 1.5 kilograms of methamphetamine, heroin, a large amount of cash, psylocibin mushrooms, and unknown pills. PSR ¶ 22. He admitted that he had been selling both methamphetamine and heroin for several months and told investigators that $10,000 of the money seized from his vehicle was drug proceeds, with which he planned to purchase additional drugs. PSR ¶ 23.
>
> \*   \*   \*
>
> Defendant made his first appearance [in federal court] on June 24, 2021, and was placed on pretrial release. ECF No. 10. In an order setting the conditions of release, the court explicitly (1) prohibited defendant from committing further offenses or possessing controlled substances, and (2) required him to report as directed by

Pretrial Services, participate in a drug and alcohol assessment and undergo counseling, and submit to drug testing. ECF No. 11 at 1.

Defendant began violating these conditions almost immediately. On July 12, only 18 days after he was placed on pretrial release, a violation report was submitted due to defendant's failure to report as directed and his use of methamphetamine and cocaine. PSR ¶ 16. The conditions of his pretrial release were modified to include location monitoring and a curfew. *Id.* On July 21, still in his first month of pretrial release, defendant committed another violation when he failed to abide by the location monitoring program. *Id.* A month later, a third violation report was submitted due to defendant once again using methamphetamine, failing to abide by the location monitoring program, and failing to participate in a drug and alcohol assessment or undergo counseling. *Id.*

His conditions were once again modified, this time restricting defendant to home confinement with GPS. PSR ¶ 17. On October 14, a fourth violation report was submitted after defendant again used methamphetamine. *Id.* On October 21, the Court was advised that defendant had not submitted to drug testing in over a month. *Id.* On October 27, a fifth violation report was submitted when defendant possessed methamphetamine, heroin, and cocaine—all while on home detention with GPS monitoring, the most restrictive conditions possible short of incarceration. *Id.*

While defendant was on pretrial release, the DEA learned that he was likely engaging in drug trafficking, and two different sources reported frequent short-stay traffic at his home, and one of the sources observed him concealing items in hidden compartments in his car. PSR ¶ 65. On October 27, 2021, DEA agents executed a search warrant at defendant's residence. *Id.* Defendant and other occupants of the home—including his mother and a juvenile male—refused to exit the house despite multiple announcements, and investigators had to force entry into the home. *Id.* A K-9 alerted to the presence of narcotics in multiple areas of the residence, including defendant's bedroom. Id. Investigators found approximately 1.5 kilograms of methamphetamine, 173 grams of heroin, and 96 grams of cocaine, as well as drug packaging materials, drug scale weights and paraphernalia, and over $5,000 in cash. *Id.* Defendant was arrested and charged with Possession with Intent to Distribute Methamphetamine and Committing an Offense While on Release in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 3147(1); Possession with Intent to Distribute Heroin and Committing an Offense While on Release in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i) and 18 U.S.C. § 3147(1); and Possession with Intent to Distribute Cocaine and

> Committing an Offense While on Release, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 3147(1). *Id*; case number 3:21-cr-439-SI.
>
> On October 28, 2021—after defendant had committed at least ten violations in only three months and been arrested for six new offenses—the court revoked defendant's pretrial release and ordered that he remain detained pending trial.

ECF 102 at 2-5 (footnotes omitted). Mr. Haines' filed a reply to the Government's response (ECF 103) and also filed three supplemental replies (ECF 104, ECF 105, and ECF 106). Mr. Haines, however, did not refute any of the facts recited above; instead, he primarily argues that he is the most appropriate caregiver for his minor children. The Court finds that a reduction in Mr. Haines' sentence of imprisonment would undermine the sentencing factors identified by Congress in 28 U.S.C. § 3553(a). The Court, therefore, denies his motion for compassionate release.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the BOP, acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of

>the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in section 3553(a)* to the extent that they are applicable, if it finds that . . . [e]xtraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Mr. Haines' early release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES Mr. Haines' motion for early release. ECF 98.

**IT IS SO ORDERED.**

DATED this 20th day of December, 2024.

> */s/ Michael H. Simon*
> Michael H. Simon
> United States District Judge